NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KORY ALLEN CROSSMAN, a.k.a. Lobes,

Defendant-Appellant.

No. 16-10215

D.C. No. 2:07-cr-00145-KJD

MEMORANDUM *

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Kory Allen Crossman appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Crossman contends that he is entitled to a sentence reduction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. He argues that the district court procedurally erred by failing to calculate the amended Guidelines range, failing to adequately explain its decision and respond to Crossman's mitigating arguments, and relying on a clearly erroneous fact. The record reflects that the district court properly followed the approach set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). The parties agreed on the amended Guidelines range and the district court understood that Crossman was eligible for a reduction to a sentence within that range. However, the court declined to grant a reduction. It sufficiently explained its decision. *See United States v. Carty*, 520 U.S. 984, 992 (9th Cir. 2008) (en banc). Moreover, the court's finding that Crossman might be released from prison in the future was not clearly erroneous because the record reflects that Crossman will be eligible for parole. *See United States v. Dann*, 652 F.3d 1160, 1176 (9th Cir. 2011) (setting forth clear error standard).

Crossman further contends that the district court abused its discretion when it declined to reduce his sentence. The district court properly based its decision on its conclusion that Crossman would pose a serious threat to the public in light of his serious post-sentencing acts of misconduct. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii); *United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010).

**AFFIRMED**.